IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, | ) ) ) ) ) ) ) ) ) ) | FILED: JULY 22, 2008 08CV4155 JUDGE DOW MAGISTRATE JUDGE BROWN TC |
| Plaintiffs, | ) ) | No. Judge Magistrate |
| v. | ) ) | |
| TERRY PLUMBING, HEATING AND SUPPLY CO., INC., An Illinois Corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, TERRY PLUMBING, HEATING AND SUPPLY CO., INC., an Illinois corporation, as follows:

1.  (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, TERRY PLUMBING, HEATING AND SUPPLY CO., INC., **("Terry")** is an Illinois corporation and is doing business within this Court's jurisdiction.

(b) **Terry** is an employer engaged in an industry affecting commerce.

5. **Terry** has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of

certain of its employees. (See copy of Assignment of Bargaining Rights attached hereto as Exhibit "A").

6. By virtue of certain provisions contained in the collective bargaining agreements, **Terry** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **Terry** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for the period February 1, 2006 through present, **Terry** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9. An audit by the Plaintiffs' accountant of the books and records of Defendant, **Terry**, is necessary in order to determine any further amounts the Defendant, **Terry**, owes to the Plaintiffs for the period from February 1, 2006 to the present.

10. Due to its failure to pay the contributions, **Terry** is further obligated to pay contributions in an amount shown to be due under an audit.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That Defendant be ordered to submit the books and records of the Defendant to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from February 1, 2006 to the present.

B. That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

C. That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D. That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E. That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

1-8. Plaintiffs repeat and reallege Paragraphs 1-8 of Count I as Paragraphs 1-8 of Count II.

9. The Trust Agreement states that contributions not received within the period established by the Trustees of the Funds shall be assessed liquidated damages of at least 10% of the contribution amounts due per month. The Trustees have established the

15th day of the month following the month in which hours were worked for which contributions are due. (See page 8 of Trust Agreement attached as Exhibit "B")

10. The Trust Agreement further states that the signatory employers "acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of [their] delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain." Further, the "Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessary of any additional proof thereof." (See page 8 of Trust Agreement attached as Exhibit "B")

11. Plaintiffs are advised and believe that **Terry** has been late on multiple occasions in its monthly contributions since at least the work month of February 2006. The total liquidated damages incurred during this period of time as a result of submitting monthly reports after the 15th of the month following the performance of covered work will be determined by an audit for the period February 1, 2006 through present.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Plaintiffs be awarded such liquidated damages amounts to be determined by an audit for the period February 1, 2006 through present. Such audit was complained for in Count I.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

C. **Terry** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.  That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

                    Respectfully submitted,
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By:   s/Philip Brzozowski
       One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT A**

# ASSIGNMENT OF BARGAINING RIGHTS

The undersigned Company hereby designates the Plumbing and Mechanical Contractors Association of Northern Illinois (the Association) as its sole and exclusive bargaining agent for the purpose of negotiating a collective bargaining agreement with U.A. Local 501 and/or the United Association to replace the agreement which expires on May 31, 2003.

I understand and agree that the Association may further assign the bargaining rights covered by this delegation to the Mid-Western Association for Plumbing, Heating and Cooling Contractors.

I understand that by executing this authorization the Association becomes my sole and exclusive bargaining agent for the above-named local union and that I may not engage in any individual negotiations or discussions of the terms of any labor agreements or sign any individual agreement or any interim agreements. If I breach any of my obligations under this Agreement, I understand that the Association may take such actions as may be appropriate to enforce this Agreement, and that the Association may, at its own discretion, decline to accept a delegation of bargaining authority from me in future negotiations.

This assignment of bargaining rights shall be effective as of the date it is signed and shall continue in full force and effect thereafter and may not be revoked or canceled prior to thirty days after the Association has negotiated a final agreement with the identified union on the Company's behalf.

Any timely revocation of this assignment, in order to be effective, must be in writing and must be served on the Association. This assignment supersedes any previously executed delegations of bargaining authority for the above named local union that the Company may have executed.

_Terry Plumbing Co._
NAME OF FIRM

_[signature]_
SIGNATURE OF AUTHORIZED REPRESENTATIVE

_John J. McCarthy_
PLEASE PRINT NAME

_President_     _10-25-02_
TITLE           DATE

Return to:

PAMCANI
603 Rogers Street, Ste. 2
Downers Grove, Illinois 60515
Phone:   630-960-3970

October 2002

**EXHIBIT B**

required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed sixty (60) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA. If such contributions are not received within the period as so extended, said obligations shall be conclusively deemed to include interest computed from the original due date as defined above.

Section 4. <u>DEFAULT IN PAYMENT.</u> The Trustees shall immediately notify the Union and the Association if any contributing Employer is delinquent in the payment of any monies due to the Fund and shall also so notify the delinquent Employer. Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of his obligations to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

The Trustees are authorized to establish a reasonable and lawful grace period within which contributions must be received; contributions not received before the expiration of said period shall be assessed liquidated damages of at least ten percent (10%) of the monies due per month. All Employers who are parties to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, the Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessity of any additional proof thereof. The Trustees may, in their sole discretion, increase the amount of liquidated damages imposed on any delinquent Employer to an amount which is not more than 20% of the contributions found to be due. Among the factors to be considered by the Trustees in exercising this discretion shall be the extent of the collection activity required, the amount of the contributions due, the willfulness of the Employer's failure to make contributions, and other relevant factors.

In addition, the delinquent contributions shall bear interest up to the